UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES, BANKS M. LUCKADO, VINCE P. ASCHINGER, GILBERT P. VILLEGAS,<br><br>          Plaintiffs,<br><br>    v.<br><br>KOOTENAI COUNTY SHERIFF ROCKY WATSON, TRAVIS F. CHANEY, J.C. STACH, DEPUTY HART, DUBBS, MOLINE, and CRAIG SWEEN,<br><br>          Defendants. | Case No. 1:10-CV-00064-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are the following motions filed by Plaintiff Hayes: (1)

Amended Motion for Extension of Time in Which to Get Discovery Completed (Dkt. 38);

(2) Motion to Dismiss Kootenai County Defendants' Motion for Summary Judgment -

Plaintiff's Rule 56(f) Motion to Dismiss (Rule 56(d) Motion to Dismiss) (Dkt. 44); (3)

Motion for Leave of Court to File First Amended Civil Rights Complaint Pursuant to

F.R.C.P. Rule 15A (Motion to Amend Complaint) (Dkt. 45); and (4) Motion for a 75 Day

Continuance Pursuant to the 10/1/2012 Court Order by U.S. District Judge Edward J.

**MEMORANDUM DECISION AND ORDER - 1**

Lodge (Motion for a Continuance). (Dkt. 51). In addition, Plaintiff Luckado has filed a

Motion for Extension of Time to Respond to Kootenai County Defendants' Motion for

Summary Judgment and Motion for Appointment of Counsel. (Dkt. 54.) Also pending are

the two dispositive Motions for Summary Judgment filed by the Defendants. (Dkts. 36,

39.) Having reviewed the arguments, case law, and the record in this matter, the Court

enters the following Order.

## BACKGROUND

Plaintiffs are former inmates at the Kootenai County Jail who filed a complaint

challenging many aspects of the conditions of their confinement in the Kootenai County

Jail. (Dkt. 1.) In the Initial Review Order dated July 12, 2010, the Court held that some or

all of the Plaintiffs could proceed as follows: (1) all Plaintiffs stated claims for relief

under 42 U.S.C. § 1983 for overcrowding, lack of exercise, and lack of winter clothing;

(2) Plaintiffs Hayes and Villegas stated claims of retaliation, excessive force, and denial

of adequate dental care; (3) Plaintiff Hayes and Aschinger could proceed with their

claims for denial of access to the courts; and (4) Plaintiff Hayes stated a First Amendment

claim related to blocked telephone calls to his mother. (*See* Dkt. 4.) All other claims were

dismissed, including Plaintiff Hayes' claim against Defendant Kennedy alleging denial of

adequate medical care. (*Id.* at pp.7-9.)

On October 6, 2011, the Court entered a Scheduling Order and ordered the parties

to conclude discovery by April 23, 2012, and to file dispositive motions by June 1, 2012.

**MEMORANDUM DECISION AND ORDER - 2**

(Dkt. 21.) On April 9, 2012, Plaintiff Hayes requested additional time to complete discovery (Dkt. 32) which the Court granted and extended the discovery deadline to May 23, 2012. (Dkt. 37.)

Defendants Chaney, Dubbs, Hart, Kootenai County, Kootenai County Sheriff, Moline and Watson (Kootenai County Defendants) filed their Motion for Summary Judgment on May 23, 2012 (Dkt. 36), and one week later, Defendant Sween filed his Motion for Summary Judgment on May 30, 2012. (Dkt. 39.) Both of these dispositive Motions were filed before the June 1, 2012, deadline; Plaintiffs' responses to these Motions were due June 18, 2012, and June 25, 2012, respectively.

On May 29, 2012, Plaintiff Hayes filed an Amended Motion for Extension of Time in Which to Get Discovery Completed. (Dkt. 38.) Then on July 10, 2012, Plaintiff Hayes filed two more motions: (1) his Motion to Dismiss Kootenai County Defendants' Motion for Summary Judgment - Plaintiff's Rule 56(f) Motion to Dismiss (Dkt. 44); and (2) a Motion to Amend Complaint. (Dkt. 45.) More than three months later, Plaintiff Hayes then filed his Motion for a Continuance (Dkt. 51) requesting an additional 75 days in which to file a response to the Defendants' Summary Judgment Motions. Finally, on November 8, 2012, Plaintiff Luckado filed his own Motion for Extension of Time to Respond to Kootenai County Defendants' Motion for Summary Judgment and Motion for Appointment of Counsel. (Dkt. 54.)

**MEMORANDUM DECISION AND ORDER - 3**

## DISCUSSION

**1. Pro Se Plaintiff Representation**

At the outset, the Court clarifies a pro se plaintiff's rights and responsibilities in a case involving other pro se plaintiffs. In three of Plaintiff Hayes' pending motions, he argues on behalf of the other pro se Plaintiffs, and requests that the discovery deadline be extended for all four pro se Plaintiffs (Dkt. 38, p.1), that Defendants' summary judgment motions be dismissed against all four pro se Plaintiffs (Dkt. 44, pp.1-2), and that all four Plaintiffs be permitted to file an amended complaint. (Dkt. 45, p.1.)

Defendants argue, and the Court agrees, that a pro se plaintiff may not represent any other plaintiff in the proceeding. Section 1654 of the United States Code establishes the right of an individual to represent oneself in federal court. *See* 28 U.S.C. § 1654. However, "[i]t is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also McShane v. U.S.*, 366 F.2d 286, 288 (9th Cir. 1966 )(pro se plaintiff may appear in propria persona in his own behalf but he has no authority to appear as an attorney for others than himself) (citations omitted). In this action, the only pleading signed by all four Plaintiffs is the Complaint. The four pending motions filed by Plaintiff Hayes were signed only by him. Therefore, these motions and the Court's ruling thereon only apply to and affect Plaintiff Hayes. Plaintiff Hayes is advised that he may not represent, advocate or request relief for

**MEMORANDUM DECISION AND ORDER - 4**

any of the other pro se Plaintiffs. If any of the pro se Plaintiffs wish to continue in this action, they must represent themselves individually and file separate responses and pleadings in this action, including responses to the pending Motions for Summary Judgment as set forth below.

**2. Plaintiff Hayes' Motions**

Plaintiff Hayes has four motions pending before the Court, each of which the Court will deny for the following reasons.

A.     ***Amended Motion for Extension of Time in Which to Get Discovery Completed (Dkt. 38)***

On May 29, 2012, Plaintiff Hayes filed an Amended Motion for Extension of Time in Which to Get Discovery Completed. (Dkt. 38.) As noted above, this is Plaintiff Hayes' second request to extend the discovery deadline. Plaintiff Hayes contends that because Defendants chose not to return the waiver of service, it delayed his effecting service upon them which consequently shortened the Court-ordered discovery period from six months to three months. (*Id.* at pp.2-6.) Plaintiff Hayes does not indicate, however, whether any of his discovery requests are still outstanding or are otherwise adversely affected by the truncated discovery period. Instead, he summarily argues that "[d]efendants will not be prejudiced by this new timeline for getting discovery, admissions, and interrogatories done and completed." (*Id.* at pp.6-7.)

In their responses, Defendants argue that Plaintiff Hayes was already granted an extension of time to complete discovery (*see* Dkt. 37), and that Defendants have timely

**MEMORANDUM DECISION AND ORDER - 5**

responded to the additional discovery propounded in that time period. (Dkts. 42, p.3; 43, p.2.) Moreover, the Kootenai County Defendants state that they have already provided Plaintiff Hayes with a substantial amount of discovery that has been "in Hayes' possession for months." (Dkt. 42, p.3.) Similarly, Defendant Sween contends that he has "fairly and timely responded to all of [Plaintiff Hayes'] discovery requests in this matter and done nothing to delay, prevent or preclude [Plaintiff Hayes] from completing his discovery by the dates ordered by the Court in this matter." (Dkt. 43, pp.2-3.)

In the absence of any outstanding discovery requests, Defendants contend that Plaintiff Hayes has provided no justifiable reason to extend the discovery deadline. (Dkt. 42, p.3.) Plaintiff Hayes did not file a reply to rebut any of these allegations and has not specified what more he requires in discovery, why he did not seek it sooner, or how additional discovery would positively impact his case. The Court concludes that because Defendants have responded to all of Plaintiff Hayes' discovery requests and it is not clear that any further discovery would aid Plaintiff Hayes, no additional time is needed to complete discovery. In addition, Defendants' dispositive Motions for Summary Judgment are already pending before the Court; re-opening discovery at this stage of the proceedings would result in unnecessary delay and expense. Plaintiff's Motion for Extension of Time in Which to Get Discovery Completed will be denied.

**MEMORANDUM DECISION AND ORDER - 6**

**B.**     *Motion to Dismiss Kootenai County Defendants' Motion for Summary Judgment - Plaintiff's Rule 56(f) Motion to Dismiss (Dkt. 44)*

Defendants have timely filed their Motions for Summary Judgment in this action. The deadlines for Plaintiffs to respond to the two Motions for Summary Judgment were June 18 and June 25, 2012. No such responses were filed. However, on July 10, 2012, Plaintiff Hayes filed a Rule 56(d) Motion to Dismiss the Defendants' Motions for Summary Judgment.[1] (Dkt. 44.) In that Motion, Plaintiff Hayes contends that "both motions [for summary judgment] are premature as discovery and admission have not been completed as of yet in this case," and that "new evidence produced thus far in discovery has revealed new claims and new parties." (Dkt. 44, p.2.) More specifically, Plaintiff Hayes states in his affidavit that "a claim of medical malpractice should be filed against Chris Kennedy M.D. who is the medical director of the Kootenai County jail facility." (Dkt. 44-1, pp.2-3.)

Kootenai County Defendants filed their Reply Memorandum in Support of Motion for Summary Judgment and argue that the Court has already denied Plaintiffs' attempt to bring claims against Dr. Kennedy in the Initial Review Order. Additionally, Plaintiff Hayes has not presented any evidence that demonstrates how Plaintiff's alleged claim of medical malpractice against Dr. Kennedy is a valid basis for opposing the Kootenai

---

[1]Plaintiff Hayes' heading for this Motion only references Kootenai County Defendants' Motion for Summary Judgment. However, in the Motion itself, Plaintiff Hayes refers to and argues for dismissal of both Motions for Summary Judgment pending in this action. In addition, although the heading also identifies it as a "Rule 56(f) Motion to Dismiss", the correct subsection for this type of Rule 56 motion is Rule 56(d). *See* Fed. R. Civ. Proc. 56(d).

**MEMORANDUM DECISION AND ORDER - 7**

County Defendants' Motion for Summary Judgment. (Dkt. 49, pp.2-3.) Similarly, Defendant Sween contends that Plaintiff Hayes has failed to come forward with any evidence to dispute the material facts set forth in his Motion for Summary Judgment, nor has Plaintiff Hayes indicated what undiscovered facts are essential to oppose Defendant Sween's Motion for Summary Judgment. (Dkt. 46, p.5.)

Rule 56(d) allows litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). The party requesting a Rule 56(d) continuance must submit affidavits showing that: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment. *Family Home & Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Failure to comply with the requirements of Rule 56(d) is a proper ground for denying discovery and proceeding to summary judgment. *Campbell*, 138 F.3d at 779.

The Court agrees with Defendants that Plaintiff Hayes' affidavit does not meet the Rule 56(d) requirements. Plaintiff Hayes' affidavit does not set forth what specific facts regarding Dr. Kennedy is needed, and whether those facts actually exist. Nor does Plaintiff Hayes explain what specific material facts this discovery will likely disclose and thus raise an issue of material fact as to the two pending Motions for Summary Judgment.

**MEMORANDUM DECISION AND ORDER - 8**

Since Plaintiff Hayes has not met his burden under Rule 56(d), this Court will deny his Rule 56(d) Motion to Dismiss.

### C.      *Motion for Leave of Court to File First Amended Civil Rights Complaint Pursuant to F.R.C.P. Rule 15A (Dkt. 45)*

On July 10, 2012 and pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff Hayes filed a Motion to Amend Complaint. (Dkt. 45.) Plaintiff Hayes requests leave of the Court to amend the Complaint because "through the discovery process Plaintiffs have discovered new documentary evidence that shows a claim or claims against Chris Kennedy M.D. of medical malpractice for both medical claims and dental claims . . . [because] Chris Kennedy M.D. is the medical director of Kootenai County jail facility who has ultimate responsibility for the health care provided to inmates within the facility." (*Id.* at p.2.) Plaintiff Hayes further contends that amending the Complaint would not cause undue delay or prejudice the Defendants because "this case is in its infancy." (*Id.* at pp.3-4.)

Defendant Sween objects to Plaintiff Hayes' Motion to Amend Complaint because it is untimely and would unduly delay and prejudice Defendants. Defendant Sween argues that Plaintiff Hayes filed his Motion to Amend Complaint two years after the Plaintiffs filed their Complaint, and one month after discovery and dispositive motion deadlines had passed. (Dkt. 48, p.3.) Defendant Sween further contends that since Plaintiffs named Dr. Kennedy as one of the defendants in their original Complaint, "it appears Plaintiffs have been aware of Dr. Kennedy's alleged involvement in their causes of action from the

**MEMORANDUM DECISION AND ORDER - 9**

outset of this action." (*Id.*) Allowing Plaintiff Hayes to amend the Complaint would require reopening discovery and delay the Court's ruling on Defendants Sween's Motion for Summary Judgment, all of which would prejudice Defendant Sween.

The Kootenai County Defendants filed a separate response to Plaintiff Hayes' Motion to Amend Complaint, agreeing with and incorporating by reference Defendant Sween's arguments for denying the motion. (Dkt. 50, p.2.) In addition, the Kootenai County Defendants assert that adding Dr. Kennedy as a defendant "would be futile" and "have no bearing on the claims that have been made against the Kootenai County Defendants." (*Id.*)

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading with the court's leave, and that the court "should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). However, a court may deny leave to amend after considering the following factors: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Futility alone can justify the denial of a motion for leave to amend. *Id.*

Plaintiff Hayes' Motion to Amend Complaint seeks to add the singular claim of "medical malpractice" against Defendant Kennedy because he is (or was) the medical director of the Kootenai County jail facility. (Dkt. 45, p.2.) Plaintiff Hayes does not state that he wishes to bring the claim pursuant to the Court's supplemental jurisdiction

**MEMORANDUM DECISION AND ORDER - 10**

authority over state-law causes of action, and, thus, the Court construes the claim as one sounding in civil rights.[2]

Defendants have argued that allowing Plaintiff Hayes to amend the Complaint at this stage of the proceedings is untimely, and will cause undue delay and prejudice to the Defendants. The Court agrees with Defendants' arguments, as the Motion to Amend Complaint was filed more than two years after the Complaint was filed, and over a month after discovery had ended and Defendants had filed their Motions for Summary Judgment. At this stage of the proceedings, Defendants would be prejudiced if leave were given to amend the Complaint. The record shows that Defendants have timely filed their pleadings and responded to all of Plaintiff Hayes' discovery requests. With summary judgment motions pending, it is not appropriate or reasonable to further delay this proceeding by granting leave for Plaintiff Hayes to amend the Complaint.

Moreover, it would be futile to permit Plaintiff Hayes the opportunity to amend the Complaint with an insufficient claim against a Defendant who has already been dismissed from this action. In the original Complaint, Plaintiffs alleged that Defendant Chris Kennedy M.D. was "employed as the Doctor M.D. at the Kootenai County Jail . . . and

---

[2] If, in fact, Plaintiff intends it to be a state-law claim, the Court agrees with Defendants that Plaintiff should have filed a motion to amend or clarify shortly after the Initial Review Order construed the claim as a civil rights claim, not several years later. Plaintiff has not stated whether he has participated in an Idaho Code § 6-1001 prelitigation screening hearing before an Idaho Board of Medicine panel prior to bringing his claim. Staying this action to permit Plaintiff to do so and then to begin a new action against Dr. Kennedy with this action would cause prejudicial delay to Defendants, as explained elsewhere in this Order.

**MEMORANDUM DECISION AND ORDER - 11**

was personally involved in the conduct complained of herein . . . and was charged throughout the times of these same events with the responsibility to see that all inmates . . . were provided due process and adequate Medical care as part of his employment." (Dkt. 1, pp. 7-8.) In the Initial Review Order, however, the Court dismissed all of Plaintiff Hayes' claims of inadequate medical care against Defendant Kennedy. (Dkt. 4, pp. 7-9.) In addition, the Court discussed the applicable standard that must be met to establish a claim of inadequate medical care under the Eighth Amendment – deliberate indifference to serious medical needs – and specifically noted that "[m]ere indifference, <u>medical malpractice</u>, or negligence will not support a cause of action under the Eighth Amendment." *Id.* at 7 (emphasis added). Plaintiff Hayes' newly alleged claim of medical malpractice against Defendant Kennedy fails to allege facts that would support an Eighth Amendment claim, thereby rendering his amendment futile. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") For all of these reasons, the Court will deny Plaintiff Hayes' Motion to Amend Complaint.

C.    ***Motion For a Continuance (Dkt. 51*)**

On October 25, 2012, Plaintiff Hayes filed a Motion for a 75 Day Continuance Pursuant to the 10/1/2012 Court Order by U.S. District Judge Edward J. Lodge. (Dkt. 51.) Plaintiff Hayes contends the additional time is needed to respond to the Defendants' Motions for Summary Judgment because he has been "denied access to his legal files,

**MEMORANDUM DECISION AND ORDER - 12**

exhibits, and case evidence by IDOC paralegal A. Dewayne Shedd." (*Id.*, p.2.) In support of the Motion, Plaintiff Hayes has attached an Order entered in a separate, unrelated matter pending before this Court wherein this Court ordered Plaintiff Hayes to contact prison counsel to determine a plan to access Plaintiff's legal files that is consistent with prison policy.[3] (Dkt. 51-1, p.3.)

On October 30, 2012, the Kootenai County Defendants filed their Response to Plaintiff Hayes' Motion For Continuance and argue that Plaintiff Hayes has "failed to substantiate his argument that he has been unable to respond to the summary judgment motions because he did not have access to his files <u>when</u> his response was due." (Dkt. 52, p.4.) The Kootenai County Defendants also object to Plaintiff Hayes' reliance on an Order entered in an unrelated case to support his newfound contention that he is having problems accessing his legal files. (*Id.* at p.2.) Finally, these Defendants point out that the other three Plaintiffs have not filed a response or requested additional time to respond to the Motions for Summary Judgment; therefore they are ripe for a ruling.[4] (*Id.*)

Defendant Sween filed a separate Memorandum in Opposition to Plaintiffs' Motion for a 75 Day Continuance on November 7, 2012, and similarly argued that Plaintiff Hayes "has failed to provide the Court with evidence to justify or warrant a 75

---

[3]The Order was entered on October 1, 2012, in Case No. 1:10-cv-00011-EJL.

[4]Defendants filed their Response to Plaintiff's Motion for a Continuance before Plaintiff Luckado filed his Motion for Extension of Time to Respond to Kootenai County Defendants' Motion for Summary Judgment and Motion for Appointment of Counsel.

**MEMORANDUM DECISION AND ORDER - 13**

day continuation to respond to Dr. Sween's motion for summary judgment." (Dkt. 53, p.3.) Defendant Sween also objects to Plaintiff Hayes' reliance on an Order entered in a different case, and asserts that Plaintiff Hayes' Motion is silent as to when he was allegedly denied access to his legal files, or how such denial prevented him from timely responding to Defendant Sween's Motion for Summary Judgment. (*Id.* at p.4.) In addition, Defendant Sween notes that Plaintiff Hayes had sufficient access to his legal files to prepare and file two other motions previously addressed in this Order – the Motion to Amend Complaint and his Rule 56(d) Motion to Dismiss. Finally, Defendant Sween argues that the Court's Notice to Pro Se Litigants of the Summary Judgment Rule Requirements, which the Clerk of Court mailed to each Plaintiff on May 31, 2012 (*see* Dkt. 40), clearly outlines the plaintiff's obligation and deadline for filing a response to a summary judgment motion. (*Id.*) Because Plaintiff Hayes did not timely respond, and has yet to respond, to Defendant Sween's Motion for Summary Judgment, Defendant Sween argues that the Court should grant his Motion for Summary Judgment.

Once again, the Court agrees with Defendants' arguments and determines that Plaintiff Hayes has failed to provide adequate justification for his Motion for a Continuance. The Court finds it troubling that Plaintiff Hayes waited four months after his responses to Defendants' Motions for Summary Judgment were due to request an additional 75 day continuance, and then attempts to substantiate that request by submitting an Order entered in an unrelated case that refers to Plaintiff Hayes' access to

**MEMORANDUM DECISION AND ORDER - 14**

his legal files in prison.

In addition, Plaintiff Hayes' alleged inability to proceed in this case without additional access to his legal files has not impaired his ability to file two other Motions in this case within three weeks of the Court-imposed deadline to respond to the Motions for Summary Judgment. It is reasonable to assume, therefore, that Plaintiff Hayes had some access to the legal files in this case so that he could prepare and file those Motions. Moreover, Plaintiff Hayes fails to specify when and for how long the alleged denial of access to his legal files in this case occurred. For all of these reasons, the Court will deny in part Plaintiff Hayes' Motion for a Continuance. Nevertheless, in the interest of overall fairness to all pro se Plaintiffs in this proceeding, the Court will grant in part this Motion only to the extent Plaintiff Hayes is provided the same, final opportunity to respond to Defendants' Motions for Summary Judgment as set forth below.

## 3. Plaintiff Luckado's Motion

On November 8, 2012, Plaintiff Luckado filed a Motion for Extension of Time to Respond to Kootenai County Defendants' Motion for Summary Judgment and Motion for Appointment of Counsel. (Dkt. 54.) Plaintiff Luckado argues that to date, he "has been unable to adequately prepare the response" to Kootenai County Defendants' Motion for Summary Judgment as required by Rule 56, and because he is a "lay person and is unfamiliar with common litigation practice" he requests the appointment of counsel to represent him in this matter. (*Id.* at 2.) In the alternative, he requests an extension of time

**MEMORANDUM DECISION AND ORDER - 15**

to frame an adequate response. (*Id.*) In response, the Kootenai County Defendants argue that appointment of counsel is not warranted in this action, nor should the Court permit Plaintiff Luckado an opportunity to respond to their Motion for Summary Judgment when he failed to timely respond in June 2012. (Dkt. 55, pp. 2-4.)

Plaintiff Luckado's Motion for Extension of Time to Respond to Kootenai County Defendants' Motion for Summary Judgment and Motion for Appointment of Counsel will be granted in part and denied in part. The court will grant the Motion to the extent Plaintiff Luckado – and each of the other three pro se Plaintiffs – will be granted one final, succinct extension of time in which to respond to Defendants' Motions for Summary Judgment. Although the Court is aware of the plain language in the Notice to Pro Se Litigants of the Summary Judgement Rule Requirements (Dkt. 40) which was previously mailed to each of the Plaintiffs and sets forth how and when Plaintiffs were to respond to the Motions for Summary Judgment, overall fairness and equity to each of the pro se Plaintiffs must also be considered in this matter. Indeed, the Court further acknowledges that Plaintiff Hayes filed multiple motions purportedly on behalf of all Plaintiffs – to extend discovery, dismiss the Motions for Summary Judgment, and amend the Complaint – which could have created confusion and uncertainty among the other Plaintiffs as to their role and responsibility in this action. Accordingly, each Plaintiff will be granted one final opportunity to file and sign his own response to the Defendants' Motions for Summary Judgment so that each Plaintiff's evidence and arguments are clear

**MEMORANDUM DECISION AND ORDER - 16**

to the Court and the Defendants. Failure to respond to the Motions for Summary Judgment on or before the deadline set forth below will result in dismissal of all of that Plaintiff's claims without prejudice for failure to prosecute.

The Court will deny, however, that portion of Plaintiff Luckado's Motion wherein he requests appointment of counsel. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990). In civil cases, counsel should be appointed in only "extraordinary circumstances", which requires an evaluation of the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Here, Plaintiff Luckado has not demonstrated a likelihood of success on the merits, nor has he shown an inability to articulate his claims in this case. Plaintiff Luckado's only justification for requesting counsel is that he is a lay person unfamiliar with common litigation practice. (Dkt. 54, p.2.) His lay status, however, should not prevent him from responding to the Kootenai County Defendants' Motion for Summary Judgment regarding his rather straightforward claims of overcrowding, lack of exercise, and lack of winter clothing at the Kootenai County jail. Furthermore, Plaintiff Luckado has demonstrated his ability to file a Motion,

**MEMORANDUM DECISION AND ORDER - 17**

albeit untimely, with the Court and present his arguments for granting such Motion. At this time, there are no exceptional circumstances to warrant appointment of counsel for Plaintiff Luckado. Plaintiff Luckado is reminded that any response must be focused on the facts (not on legal theory), and that admissible evidence supporting those facts, as described in the Notice to Pro Se Litigants, must be included with his response.

**4. Defendants' Motions for Summary Judgment (Dkts. 36, 39)**

In light of the Court's decision above to grant Plaintiffs one final opportunity to respond to the Defendants' Motions for Summary Judgment, the Court will reserve ruling on the dispositive motions until the briefing, if any, is complete as set forth below.

**ORDER**

**IT IS ORDERED:**

1.      Plaintiff Hayes' Amended Motion for Extension of Time in Which to Get Discovery Completed (Dkt. 38) is **DENIED**.

2.      Plaintiff Hayes' Motion to Dismiss Kootenai County Defendants' Motion for Summary Judgment - Plaintiff's Rule 56(f) Motion to Dismiss (Dkt. 44) is **DENIED**.

3.      Plaintiff Hayes' Motion for Leave of Court to File First Amended Civil Rights Complaint Pursuant to F.R.C.P. Rule 15A (Dkt. 45) is **DENIED**.

4.      Plaintiff Hayes' Motion for a 75 Day Continuance Pursuant to the 10/1/2012 Court Order by U.S. District Judge Edward J. Lodge (Dkt. 51) is **DENIED in part** based on the Court's analysis above, and **GRANTED in part** only to the extent

**MEMORANDUM DECISION AND ORDER - 18**

Plaintiff Hayes is provided the same, final opportunity to respond to Defendants' Motions for Summary Judgment as set forth below.

5.      Plaintiff Luckado's Motion for Extension of Time to Respond to Kootenai County Defendants' Motion for Summary Judgment and Motion for Appointment of Counsel (Dkt. 54) is **GRANTED in part** and **DENIED in part**. Each of the four pro se Plaintiffs, including Plaintiff Hayes, is hereby granted one final opportunity to file and sign his own response to the Defendants' Motions for Summary Judgment on or before **February 1, 2013**. Any Plaintiff's failure to individually respond to the Defendants' Motions for Summary Judgment by this deadline will result in the dismissal of all of that Plaintiff's claims without prejudice for failure to prosecute. Defendants shall file their replies, if any, within **ten (10) days** of the filing date of Plaintiffs' responses.

6.      The Court reserves ruling on Kootenai County Defendants' Motion for Summary Judgment (Dkt. 36) and Defendant Sween's Motion for Summary Judgment (Dkt. 39) until the briefing on such Motions is completed as set forth above.

DATED:  **January 18, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 19**