UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES, BANKS M. LUCKADO, VINCE P. ASCHINGER, GILBERT P. VILLEGAS,<br><br>                    Plaintiffs,<br><br>       v.<br><br>KOOTENAI COUNTY, KOOTENAI COUNTY SHERIFF ROCKY WATSON, JAIL COMMANDER CAPTAIN TRAVIS F. CHANEY, DEPUTIES J.C. STACH, HART DUBBS, and MOLINE, RUTH NAGLE, LPN, JOHN AND JANE DOES (1-10), CHRIS KENNEDY, M.D., CRAIG SWEEN, D.D.S., sued in their individual and official capacities and their successors in office,<br><br>                    Defendants. | Case No. 1:10-cv-00064-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

The following motions are currently pending before the Court in this prisoner civil

rights matter:  (1) a Motion for Summary Judgment filed by Defendants Kootenai County,

Kootenai County Sheriff, Rocky Watson, Captain Travis Chaney, Deputy Hart, Deputy

Dubbs, and Deputy Moline (hereafter, the "Kootenai County Defendants") (Dkt. 36);  (2)

Defendant Craig Sween's Motion for Summary Judgment (Dkt. 39); (3) Plaintiff Hayes's

**MEMORANDUM DECISION AND ORDER - 1**

Motion and Memorandum in Opposition to Craig Sween, DDS's Motion for Summary Judgment (Dkt. 58); (4) Kootenai County Defendants' Motion to Dismiss Plaintiffs' Claims For Failure to Prosecute (Dkt. 59); (5) Plaintiff Hayes's Motion and Memorandum in Opposition to Kootenai County Defendants' Motion for Summary Judgment (Dkt. 65); and (6) Plaintiff Hayes's Motion for Oral Argument (Dkt. 69).

The parties have adequately stated the facts and argument in their briefing, and the Court will resolve these matters on the record without oral argument.  D. Idaho L. Civil R. 7.1.  Accordingly, Plaintiff's Motion for Oral Argument is denied.

For the reasons that follow, the Court will grant in part and deny in part the Kootenai County Defendants' Motion to Dismiss for Failure to Prosecute, and all claims of Plaintiffs Luckado, Aschinger, and Villegas are dismissed from this action.  Defendant Sween's Motion for Summary Judgment will be granted.  The Kootenai County Defendants' Motion for Summary Judgment will be granted as to all claims except Plaintiff Hayes's Eighth Amendment claim that he was not provided adequate outdoor exercise while incarcerated at the Kootenai County Jail in 2008.

## BACKGROUND

In their joint Complaint, Plaintiffs Michael Hayes, Banks Luckado, Vince Aschinger, and Gilbert Villegas brought wide-ranging claims for relief covering many aspects of the conditions of their confinement in the Kootenai County Jail.  (Complaint, Dkt. 1.)  Aschinger and Villegas were pretrial detainees at all relevant times, while Hayes and Luckado were post-judgment prisoners.

**MEMORANDUM DECISION AND ORDER - 2**

The Court conducted an initial review of the Complaint, as required by 28 U.S.C. § 1915A, and found that all Plaintiffs stated claims for relief for overcrowding, lack of exercise, and lack of winter clothing at the Kootenai County Jail.  (Dkt. 4, pp. 2-3.) Plaintiffs Hayes and Villegas were also permitted to go forward with claims of retaliation, excessive force, and denial of adequate dental care, and Plaintiffs Hayes and Aschinger stated a claim for denial of access to the courts.  (*Id*. at 3-10.)  Finally, Plaintiff Hayes was permitted to proceed with his claim that a block on calls to his mother violated his First Amendment rights.  (*Id*. at 11.)  The Court dismissed all other civil rights claims, and concluded that Plaintiffs had raised no cognizable claims under the American with Disabilities Act or state law.  (*Id*.)

Defendant Craig Sween, DDS, has since filed an Answer and a Motion for Summary Judgment as to Plaintiff Hayes's claim against him, and the Kootenai County Defendants, represented by different counsel than Dr. Sween, have submitted their own Answer and Motion for Summary Judgment.  (Dkts. 11, 13, 36, 39.)  The Court has since clarified that Plaintiff Hayes cannot represent the other three plaintiffs in this action, and each has to file their own pleadings, motions, and responses.  (Dkt. 56, p. 5.)  The Court gave the four plaintiffs one final opportunity to submit individual responses to Defendants' motions for summary judgment, but only Hayes has done so.  (Dkt. 56, p. 19; Dkts. 58, 65.)

These matters have been fully briefed, and the Court now is prepared to issue its ruling.

**MEMORANDUM DECISION AND ORDER - 3**

**MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

As an initial matter, the Kootenai County Defendants have requested the Court to dismiss all claims against them based on the failure of all Plaintiffs to respond to their summary judgment motion.  The Court granted Plaintiff Hayes an extension of time in which to file a response, and he has since done so.  (Dkt. 62, p. 2; Dkt. 64.)  Plaintiffs Luckado, and Aschinger, and Villegas, however, have not submitted responses as ordered.

Therefore, Defendants' Motion will be granted as to Luckado, Aschinger, and Villegas, and their remaining claims against Defendants are dismissed, without prejudice, for failure to prosecute.  The Motion is denied as to Plaintiff Hayes.

**MOTIONS FOR SUMMARY JUDGMENT**

**1.     Legal Standards Governing Summary Judgment**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  One of the principal purposes of the summary judgment rule "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources."  *Id*. at 327.

"[T]he mere existence of *some* alleged factual dispute between the parties will not

**MEMORANDUM DECISION AND ORDER - 4**

defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The requirement is that there be no *genuine* dispute as to any *material* fact.  Material facts are those "that might affect the outcome of the suit."  *Id.* at 248.  "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  The moving party is entitled to summary judgment if that party shows that each material fact cannot be disputed.  To show that the material facts are not in dispute, a party may cite to particular parts of materials in the record, or show that the adverse party is unable to produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1)(A) & (B).  The Court must consider "the cited materials," but it may also consider "other materials in the record."  Fed. R. Civ. P. 56(c)(3).

If the moving party meets its initial responsibility, then the burden shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The existence of a scintilla of evidence in support of the non-moving party's position is insufficient.  Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Liberty Lobby*, 477 U.S. at 252.

Material used to support or dispute a fact must be "presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  Affidavits or declarations submitted in support of or in opposition to a motion "must be made on personal

**MEMORANDUM DECISION AND ORDER - 5**

knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  If a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may consider that fact to be undisputed.  Fed. R. Civ. P. 56(e)(2).  The Court may grant summary judgment for the moving party "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party.  Although all reasonable inferences which can be drawn from the evidence must be drawn in a light most favorable to the non-moving party, *T.W. Elec. Serv., Inc.*, 809 F.2d at 630-31, the Court is not required to adopt unreasonable inferences from circumstantial evidence, *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

**2.      Defendant Sween's Motion for Summary Judgment**

Dr. Craig Sween is a dentist in private practice in Coeur d' Alene, Idaho, who, in 2008, examined Kootenai County Jail inmates one or two times per month for limited emergencies.  (Declaration of Craig Sween, DDS, ("Sween Dec."); Dkt. 39-4, ¶ 1.)  In his Complaint, Plaintiff Hayes alleges that Dr. Sween examined him in 2008 but refused to fix a broken bridge, take x-rays, or remove a tooth that was causing him serious pain. (Dkt. 1, p. 26.)  He contends that Dr. Sween's failure to provide treatment violated his Eighth Amendment right against cruel and unusual punishment.  (*Id*.)

**MEMORANDUM DECISION AND ORDER - 6**

In his Motion for Summary Judgment, supported by declarations and medical records, Dr. Sween counters that he conducted thorough examinations of Plaintiff Hayes three times over the course of four months and was not deliberately indifferent to his dental needs during those examinations.  (Dkt. 39-1, p. 4.)  The Court agrees that there are no genuine issues of material fact and that Dr. Sween is entitled to judgment as a matter of law.

### A.   *Eighth Amendment Medical Standards*

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute.  To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

As a post-judgment prisoner, Hayes was protected only from cruel and unusual punishment under the Eighth Amendment.  To state an Eighth Amendment claim for denial of medical care, he must show that jail officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference.  *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  Deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to

**MEMORANDUM DECISION AND ORDER - 7**

medical care or intentionally interfering with the treatment once prescribed."  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (footnotes omitted).

Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment.  *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).  The Ninth Circuit has clarified that if medical personnel have been "consistently responsive to [the inmate's] medical needs," and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," no constitutional violation has occurred. *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

**B.**     ***Facts and Analysis***

Dr. Sween has supported his Motion with the notes and x-rays from his examinations of Plaintiff Hayes, his own declaration, and the declaration of Carson Mooney, DDS.  (Dkts. 39-2, 39-3.)  Based on this evidence, Dr. Sween alleges the following facts.

Dr. Sween examined Plaintiff Hayes three times between February 2008 and July 2008, each time for a "limited emergency visit," while Plaintiff was in the custody of the Kootenai County Jail.[1]  (Sween Decl. at ¶¶ 5, 6, 7; Exhibits 1, 2, 3.)

The first visit was on February 21, 2008, during which Dr. Sween took x-rays and extracted Plaintiff's lower right wisdom tooth.  (Sween Decl. at ¶ 5.)  According to Dr.

---

[1] Dr. Sween disputes that he was acting under color of state law when he performed dental services for Plaintiff Hayes, but he does not seek summary judgment on that basis. (Dkt. 39-1, p. 5.)

**MEMORANDUM DECISION AND ORDER - 8**

Sween, Plaintiff's upper front teeth, which "made up two of the multiple abutments used in previous treatment to support a long span upper bridge," had severe periodontal disease. (*Id*.) Dr. Sween asserts that he explained to Plaintiff that extracting the upper front teeth – Nos. 8 and 9 – "would result in him losing his bridge," and that Plaintiff "indicated he wanted to wait on treatment of his upper teeth." (*Id*.) The contemporaneous notes for this visit read, "#8 severe perio, it is part of a long span [illegible] bridge. Pt. to wait for treatment." (Dkt. 39-4, Exhibit 1.) Dr. Sween prescribed antibiotics and pain medication for the extraction of the wisdom tooth. (*Id.*)

Complaining of a cavity in his lower right teeth, Plaintiff next saw Dr. Sween about ten weeks later, on May 1. (Sween Decl. at ¶ 6.) During that visit, Dr. Sween took x-rays of Plaintiff's teeth, removed decay from a cavity, and filled the cavity. (*Id*.) He advised Plaintiff that because of the depth of the cavity, he could need "endodontics" or an extraction of the tooth in the future. (*Id*.)

At the final visit, on July 17, 2008, Plaintiff requested that Dr. Sween check his upper teeth, which were still causing him pain. (Sween Decl. at ¶ 7.) Dr. Sween examined the teeth and took 9 x-rays. (*Id*.) He concluded that Plaintiff had "periapical radiolucencies" in certain teeth, that tooth No. 2 was "supererupted," and that Plaintiff had advanced periodontal disease and decay in several of these teeth. (*Id*.) Dr. Sween explained the situation to Plaintiff and "suggested he have these remaining upper teeth extracted and use a denture." (*Id*.) Dr. Sween also "discussed the possibility of an implant retained upper denture in the future." (*Id*.) He asserts that Plaintiff "indicated

that he was not interested in treatment at that time and wanted to consider my suggested treatment." (*Id.*)  The record for this visit indicates that Dr. Sween "suggest Ext remaining upper teeth w/ pt. Discussed poss. implant [illegible] palateless." (*Id.*)

Carson Mooney, DDS, has reviewed Dr. Sween's records and concludes "that Dr. Sween's dental care and treatment of Michael Hayes was appropriate and within the standard of care for a general practicing dentist in Coeur d'Alene in February through July 2008." (Declaration of Dr. Carson Moody; Dkt. 39-3, at ¶ 5.)

Dr. Sween has come forward with a prima facie case that he was not deliberately indifferent to Plaintiff's serious medical or dental needs.  In particular, according to the evidence he has submitted, Dr.  Sween examined Plaintiff on three occasions over a five month span for limited emergency care when the Kootenai County Jail scheduled those visits.  He extracted a wisdom tooth on February 21 and prescribed pain medication, filled a cavity on May 1, and diagnosed Plaintiff's severe periodontal disease on July 17 and explained Plaintiff's options for treating the condition but Plaintiff wanted to weigh his options before deciding on a course of treatment.

In his response, Plaintiff admits that he saw Dr. Sween three times between February and July of 2008.  (Affidavit of Michael T. Hayes ("Hayes Aff."), Dkt. 58-2, p. 2.)  He also admits that Dr. Sween took x-rays on February 21, 2008, which "showed victim Hayes two upper front teeth No. 8 and 9 had sever[e] periodontal disease." (*Id.*)

Plaintiff's dispute now centers on Dr. Sween's assertion that he discussed possible treatment options with Plaintiff and that Plaintiff decided to wait.  Plaintiff contends that

**MEMORANDUM DECISION AND ORDER - 10**

Dr. Sween "refused treatment" for teeth Nos. 8 and 9 on February 21, refused unspecified treatment again on May 1, and refused to treat Plaintiff's "bridge and upper teeth" on July 17. (Hayes Aff. at 2.)  Plaintiff concludes that  "Dr. Sween's allegation that victim Michael T. Hayes elected to wait on any treatment of his upper teeth and dental bridge is untrue[,] meritless[,] and a lie." (*Id.*)

Once the moving party made a prima facie case for summary judgment, the non-moving party cannot rely on general denials; the non-moving party must produce probative evidence that demonstrates that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249–50, 256–57 (1986).  Moreover, the opposing party must come forward with more than a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence." *FTC v. Publ'g Clearing House*, *Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

Here, Plaintiff has provided no factual detail in his affidavit to support his conclusory allegation that Dr. Sween has "lied" about refusing to treat him, an allegation that is contradictory both to Dr. Sween's recollection of the examinations and his contemporaneous notes and records.  In the record of the first visit, the notes indicate that "#8 severe perio, it is part of a long span [illegible] bridge. *Pt. to wait for treatment*." (Dkt. 39-4, Exhibit 1.) (Emphasis added.)  On May 1, Dr. Sween noted that he provided a "temp fill 31" and "pulp cap." (*Id.* at Exhibit 2.)  The record of the last visit on July 17 indicates that Dr. Sween suggested "Ext remaining upper teeth w/ pt. Discussed poss. implant [illegible] palateless." (Dkt. 39-4, Exhibit 3.)  Plaintiff has failed to provide any

**MEMORANDUM DECISION AND ORDER - 11**

evidence, beyond his conclusory claim, from which a jury could reasonably conclude that Dr. Sween fabricated these records to fit some type of after-the-fact narrative of adequate care.

Plaintiff's reliance on Kootenai County Jail written "kites," attached as exhibits, does not assist him.  While the kites show that Plaintiff asserted various complaints about his teeth, none tends to establish that *Dr. Sween* refused to treat him or was otherwise deliberately indifferent to his needs.

In a kite dated February 1, 2008, Plaintiff informed Jail staff that he had a broken tooth and was in pain.  (Dkt. 57-1, p. 4.)  An appointment with Dr. Sween was scheduled for February 21, and he extracted Plaintiff's lower right wisdom tooth.  Dr. Sween's records indicate that he then informed Plaintiff that if teeth nos. 8 and 9 were removed, he could lose his bridge, but that Plaintiff would wait to make that decision.  (Dkt. 39-4, Exhibit 1.)  None of Plaintiff's kites contradict that version of events of the February 21 visit.  Instead, on April 21, Plaintiff requested another appointment to have his teeth cleaned and cavities filled.  (*Id*. at 5.)  Although staff responded that the Jail does not pay for routine cleanings and will only pay for "temporary fillings," Plaintiff was seen by Dr. Sween on May 1 and one of his cavities was filled.  When he complained again in May and June about pain in his upper teeth (*id*. at 7), the July 21 appointment was scheduled.  At that visit, Dr. Sween noted Plaintiff's severe periodontal disease and discussed possible treatments, which included extracting the upper teeth and using a denture, but he wrote that Plaintiff was undecided.  It was only after that last visit, on August 1, that

**MEMORANDUM DECISION AND ORDER - 12**

Plaintiff wrote a kite claiming to need "oral surgery to take out the broken bridge," but he was transferred back to state prison on August 25 before any other action was taken. (*Id.* at 8.)

The Court finds that Plaintiff's allegation that Dr. Sween has lied is conclusory, lacking in factual specificity, does not create a triable issue of fact. It is not a question of resolving credibility issues on summary judgment, which would be improper, but an issue of insufficient evidence. The evidence as a whole shows that Dr. Sween provided reasonable and adequate care and was not deliberately indifferent to Plaintiff's serious dental needs. There is little doubt that Plaintiff had serious dental problems, but the Eighth Amendment does not demand the best care available at any cost, and some medical problems do not lend themselves to quick or simple solutions, or the precise solution that the patient may want.

There being no genuine issues of material fact, Defendant Sween's Motion for Summary Judgment will be granted.

**3. Kootenai County Defendants' Motion for Summary Judgment**

Plaintiff Hayes has also sued employees of Kootenai County for his treatment at the Jail under several legal theories. After an initial review of the Complaint, the Court allowed him (and other plaintiffs now dismissed) to proceed against these Defendants on claims of overcrowding, lack of exercise, and lack of winter clothing. (Dkt. 4, pp. 2-3.) Plaintiff Hayes was also permitted to go forward with his claims of retaliation, excessive force, denial of adequate dental care, and the denial of access to the courts. (*Id.* at 3-10.)

**MEMORANDUM DECISION AND ORDER - 13**

Finally, the Court allowed him to proceed with his claim that a block on calls to his mother violated his First Amendment rights.  (*Id*. at 11.)

All Kootenai County Defendants are represented by the same counsel, and they have filed a Motion for Summary Judgment over the remaining claims against them.

**A.**     ***Outdoor Exercise***

Plaintiff claims that he was denied outdoor exercise for several months of his incarceration at the Jail, in violation of the Eighth Amendment.  Defendants argue that Plaintiff had daily recreation outside his cell and that inclement weather precluded outside recreation.  The Court concludes that a genuine issue of material facts exists as to whether Defendants violated Plaintiff's Eighth Amendment right to outdoor exercise while incarcerated.

The Eighth Amendment proscribes the "unnecessary and wanton infliction of pain" which must "draw its meaning from the evolving standards of decency that mark the progress of a maturing society."  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  Under the Eighth Amendment, prison officials have a duty to "provide humane conditions of confinement."  *Farmer v. Brennan*, 511 U.S. 825, 826 (1994).  Denial of outdoor exercise may give rise to an Eighth Amendment claim for deprivation of humane conditions of confinement if a prisoner can establish the objective and subjective requirements.  *See Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir.1994); *Farmer*, 511 U.S. at 825-26.

Under the objective requirement of the Eighth Amendment analysis, the "prison official's act or omission must result in the denial of 'the minimal civilized measure of

**MEMORANDUM DECISION AND ORDER - 14**

life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The Ninth Circuit has stated that "some form of regular outdoor exercise is extremely important to the psychological and physical well being of . . . inmates." *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir.1979) (holding that prisoner in long-term and continuous segregation must be provided regular outdoor exercise unless "inclement weather, unusual circumstance, or disciplinary needs" make it impossible).  In *Allen v. Sakai*, 48 F.3d 1082 (9th Cir.1994), a prisoner alleged that for six weeks he was only permitted forty-five minutes of outdoor exercise a week.  The court denied the defendants' motion for summary judgment finding that the plaintiff had satisfied the objective requirement of the Eighth Amendment analysis by claiming he was deprived a basic human need.  *Id.* at 1088.  In *Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir. 2000), the court found that a prisoner's allegation that he was deprived of all outdoor exercise for six and half weeks satisfied the objective requirement of an Eight Amendment analysis.

In the instant case, Plaintiff has presented evidence that he was denied outdoor exercise for 109 days during the months of January through April of 2008.  (Dkt. 66, p. 2.)  While Defendants correctly note that outdoor recreation is not an absolute right and can be curtailed for reasons such as inclement weather and other "substantial" reasons, Defendants have not come forward with "substantial" reasons for denying Plaintiff outdoor exercise for nearly four months.  (Dkt. 36-1, p. 8, citing *Norwood v. Vance*, 591 F.3d 1062 (9th Cir. 2010)).  Plaintiff was denied outdoor exercise for a significant period

**MEMORANDUM DECISION AND ORDER - 15**

longer than those alleged in *Allen* and *Lopez*.  Furthermore, while Defendants argue that

the "Kootenai County Public Safety Building Recreation Roster" evidences that Plaintiff

was let out of his cell for an hour nearly everyday during the time in question, the log

does not demonstrate that Plaintiff was permitted outside recreation.  (Dkt. 64, p. 3; Dkt.

36-7, pp. 8-23.)  Indeed the log does not specify any activity engaged in by the inmates,

nor demonstrate that the inmates were provided indoor recreation.  (*Id*.)  In viewing all

inferences drawn from the underlying facts in the light most favorable to the nonmoving

party, the Court concludes that there is a genuine issue as to whether Plaintiff was

unconstitutionally deprived of a basic need for outdoor exercise.

 Plaintiff has also met the subjective element to defeat summary judgment.  The

subjective element of the Eighth Amendment requires "deliberate indifference."  *Allen*, 48

F.3d at 1087.  Deliberate indifference is found when a prison official knows of and

disregards an excessive risk to inmate health or safety.  *Id*.  Here, Defendants were aware

of a prisoner's need for outside recreation and yet, based on the evidence currently before

the Court, they knowingly denied outdoor recreation to Plaintiff for nearly four months.

(Dkt. 67, pp. 5-6.)  Defendants' attempt to excuse the deprivation by explaining that

inclement weather and staffing made it difficult to provide outdoor exercise is not

sufficiently supported by factual and evidentiary specificity.  Defendants do not indicate

which days or weeks during that time span the weather was inclement, or what exactly

"inclement" means in this context.  The Court recognizes that practical difficulties arise

administering a correctional or detention facility from time to time and that they may

**MEMORANDUM DECISION AND ORDER - 16**

justify an occasional and brief deprivation of an inmate's opportunity to exercise outside. However, for purposes of summary judgment, the Court cannot accept Defendants explanation, (without more specific evidence), for the amount of time at issue here.  It may be that Defendants will provide more detailed evidence at trial and prevail on this claim, but they have not shown the absence of disputed issues of material fact.

Accordingly, a rational fact-finder could determine after hearing all the evidence that the Defendants acted with deliberate indifference to Plaintiff's basic human need for outside exercise.

### B.     *Adequate Clothing*

Plaintiff claims that he was not supplied with adequate clothing for the winter months.  Defendants contend that Plaintiff cannot demonstrate an "unnecessary and wanton infliction of pain," because he was not forced to go outside for recreation.  The Court concludes that Defendants are entitled to summary judgment.

Adequate clothing is one of life's necessities that prison officials cannot deny an inmate.  *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982).  Indeed "[t]he denial of adequate clothing can inflict pain under the Eighth Amendment."  *Walker v. Sumner*, 14 F.3d 1415, 1421 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  However, as set forth above, in order for denial of adequate clothing to rise to the level of an Eighth Amendment claim for deprivation of humane conditions, a prisoner must establish objective and subjective requirements.  *Farmer*, 511 U.S. at 825-26.

**MEMORANDUM DECISION AND ORDER - 17**

The objective requirement dictates that the Court consider whether the deprivation alleged is "sufficiently serious." *Id*. A constitutional violation is more apt when inmates are denied clothing in extreme weather conditions. *See, e.g., Palmer v. Johnson*, 193 F.3d 346 (5th Cir.1999) (inmate was forced to overnight outdoor confinement having to withstand strong winds and cold without the protection of jackets or blankets; court found that, although the degree to which the temperature actually fell was relevant to a conclusive determination, the inmate's exposure to the elements arising out of this incident could have risen to the level of a constitutional deprivation); *Mitchell v. Maynard*, 80 F.3d 1433 (10th Cir. 1996) (material issue of fact precluded summary judgment regarding Eighth Amendment violation where inmate alleged that officials failed to provide him with adequate clothing); *Gordon v. Faber*, 973 F.2d 686 (8th Cir. 1992) (unconstitutional to require inmates to stay outdoors for 1-1 3/4 hours in freezing weather for shakedown search without proper clothing); *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) (affirming district court's decision that inmates exposed to harsh winter conditions without proper winter clothing may suffer from infliction of pain that are without penological justification in violation of Eighth Amendment); *Balla v. Idaho State Bd. of Corrections*, 595 F.Supp.1558, 1575 (D. Idaho 1984) (prison officials violated the Constitution when they provided inmates with clothing that was "patently insufficient to protect [them] from the cold in the winter months").

Plaintiff has not alleged that he was forced to go outside for recreation in inclement weather; in fact, Plaintiff complains that he was not permitted to go outside for

**MEMORANDUM DECISION AND ORDER - 18**

weeks.  For that reason, there is no evidence on which a jury could find that he was exposed to extreme discomfort due to a lack of adequate winter clothing.  Furthermore, Plaintiff has not indicated what clothing he did have while he was held at the Jail.

Consequently, Plaintiff has not established that this alleged deprivation is "sufficiently serious" under the objective requirement of the Eighth Amendment.  It is therefore unnecessary to consider the subjective component.

While Defendants are entitled to summary judgment on the issue of adequate clothing as a stand-alone claim, evidence that the Jail refused to provide coats and warm clothing in the winter months may be relevant at trial as to whether Defendants were deliberately indifferent to Plaintiff's basic need for outdoor exercise.

### C. *Overcrowding*

The fact that a prison or jail is overcrowded "has no constitutional significance standing alone."  *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461 (9th Cir. 1989). Rather, "only when overcrowding is combined with other factors such as violence or inadequate staffing does overcrowding rise to an Eighth Amendment violation."  *Id*.

Plaintiff does not respond to Defendants' arguments regarding overcrowding and sanitary conditions, thus Plaintiff does not raise a genuine issue of material fact regarding the same.  Accordingly, Defendants are entitled to summary judgment on the claim of overcrowding and sanitary conditions in the jail.

As with the winter clothing claim, however, because Plaintiff has successfully raised a genuine issue of material fact with regard to outdoor exercise, he may be able to

**MEMORANDUM DECISION AND ORDER - 19**

present evidence at trial to show that overcrowding at the Jail contributed to that alleged constitutional violation.

**D.     *Retaliation and Excessive Force***

Plaintiff alleges he is the victim of retaliation and excessive force as the result of a harsh "shakedown" conducted in response to his filing of grievances.  Defendants argue that the "shakedown" served a legitimate penological purpose.  The Court concludes that there are no genuine issues of material fact, and that Defendants are entitled to summary judgment.

To state a claim of unconstitutional retaliation under the First and Fourteenth Amendments, a prisoner must allege that a state actor took some adverse action against him because of his protected conduct and that the action did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Courts should "afford appropriate deference and flexibility to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory."  *Pratt v. Rowland*, 65 F.3d 802, 808-810 (9th Cir. 1995); *see also Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (preserving institutional order, discipline and security are legitimate penological goals).

In addition, the Cruel and Unusual Punishment Clause of the Eight Amendment protects prisoners from the use of excessive physical force.  *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).  To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain."  *Jeffers v. Gomez*, 267

**MEMORANDUM DECISION AND ORDER - 20**

F.3d 895, 910 (9th Cir.2001).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  *Hudson*, 503 U.S. at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Hudson*, 503 U.S. at 9. Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Id*. at 6-7.

In the present case, Defendants are entitled to summary judgment as to Plaintiff's claims of retaliation and excessive force because Plaintiff has not demonstrated that there are genuine factual issues as to whether the "shakedown" reasonably advanced legitimate corrections goals – that being the safety, security, and sanitation of the Kootenai County Jail.  Plaintiff alleges that the shakedown was conducted in retaliation for a grievance he submitted earlier that same day, (Dkt. 64, p.10), but he does not address Defendants contention that the shakedown was the result of concealing food and other contraband from the deputies.  (Dkt. 36-1, p.15.)  The Affidavit of Lt. John Holecek evidences that Kootenai County Jail has an on-going problem with inmates hoarding food items from meals, which contributes to ants or other bugs in the cells.  (Dkt. 36-6, ¶23.) The Kootenai County Jail is required to account for all food items in order to maintain the health, safety, security and sanitation of the Jail.  (*Id*.; Dkt. 38-8.)  Plaintiff does not

**MEMORANDUM DECISION AND ORDER - 21**

dispute that food items and contraband were found in his cell in violation of the Jail's policy against hoarding food.  Consequently, the evidence presented to the Court indicates that the "shakedown" served a legitimate penological purpose.

The Court concludes that Plaintiff has not raised a genuine issue of material fact as to his claims of retaliation and excessive force regarding the "shakedown" on July 19, 2008.

### E.    *Adequate Dental Care*

Plaintiff alleges that he was denied adequate dental care during his incarceration at the Jail.  This claim relies on many of the same factual allegations as the claim against Dr. Sween, which the Court has already concluded does not survive summary judgment.  For their part, the Kootenai County Defendants assert that they were responsive to Plaintiff's dental needs and that his claim focuses only on a difference of opinion as to the correct medical treatment, rather than deliberate indifference to his needs.  The Court agrees.

As the Court has previously discussed, deliberate indifference sufficient to prove an Eighth Amendment medical claim exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference.  *Farmer v. Brennan,* 511 U.S. 825, 838 (1994).  Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim.  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

**MEMORANDUM DECISION AND ORDER - 22**

Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Here, Plaintiff argues that Jail staff failed to ensure that his severe periodontal disease was treated adequately. (Dkt. 64, p. 30.) Specifically, Plaintiff contends that despite his multiple requests to have his "permanent dental bridge taken out and tooth no. 8 pulled to stop future bone loss and stop the gums from receding further," Defendants refused to see that this was done. (Dkt. 64, pp. 26-27, 29-31.) In addition, Plaintiff contends that Defendants refused to save "tooth no. 32," because they did not perform a root canal or place a permanent crown on the tooth. (*Id.*, pp. 27-28.)

Relying on Plaintiff's records, Defendants counter that they responded appropriately to every dental request submitted by Plaintiff during his eight months of incarceration. (Dkt. 36-1, p. 20.) Defendants note that Plaintiff was seen by Dr. Sween on three occasions. (*Id.*) His first visit was on February 21, 2008, twenty days after he submitted his initial request to see a dentist. (*Id.*, p. 19.) As noted above, Dr. Sween took x-rays during that visit, extracted tooth no. 32, (due to it being un-restorable), and prescribed pain medication and antibiotics. (*Id.*)

Plaintiff submitted a second request for dental care in a kite on April 21, requesting to have his teeth cleaned, cavities filled, and a full dental examination. (*Id.*)

**MEMORANDUM DECISION AND ORDER - 23**

The Jail's medical staff responded to Plaintiff's request as follows: "The jail only provides temporary fillings and extractions.  No cleanings, etc.  Read the attached."  (*Id*.)  Plaintiff was put on the inmate list for dental exams and was seen by Dr. Sween on May 1.  (*Id*.)  During his examination, Dr. Sween took more x-rays and tooth no. 31 was temporarily filled.  (*Id*.)

On May 6 (just five days after his last scheduled appointment), Plaintiff submitted another request for dental care requesting that his teeth be cleaned, a full dental examination and his bridge be replaced.   The Jail's medical staff responded by stating: "Mr. Hayes - The jail only provides temp filling and extractions - period."  (*Id*., p. 20.)

On June 27, Plaintiff submitted another request to see the dentist for tooth pain. (*Id*.)  He was seen by Dr. Sween on July 17.  (*Id*.)  Dr. Sween took additional x-rays and described treatment options, including the extraction of Plaintiffs' remaining top teeth be extracted.  (*Id*.)  No extraction occurred.  (*Id*.)  On August 1, Plaintiff submitted a request for oral surgery to have his bridge removed, but was transported back to IDOC on August 25.  (*Id*.)

Much of the Court's analysis pertaining to Dr. Sween's Motion for Summary Judgment applies with equal force to the Kootenai County Defendants' Motion.  Like Dr. Sween, these Defendants have offered evidence that they responded to Plaintiff's dental needs and arranged to have him examined and treated, although it may not have been precisely the treatment Plaintiff sought.  This is likely a result of Plaintiff's serious and pre-existing dental problems for which no perfect or painless options existed.  A

**MEMORANDUM DECISION AND ORDER - 24**

difference in judgment between an inmate and medical personnel regarding an appropriate medical diagnosis or treatment is not enough to establish a deliberate-indifference claim.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  Furthermore, inmates in a county jail are not entitled to unqualified access to unqualified dental care.

In *Dean v. Coughlin*, 804 F.2d 207 (2d Cir. 1986), the Second Circuit had occasion to address the level of dental care required for prisoners.  The court  provided the following:

> [A] correctional facility is not a health spa, but a prison in which convicted felons are incarcerated.  Common experience indicates that the great majority of . . . prisoners would not in freedom or on parole enjoy the excellence in dental care which the plaintiffs understandably seek on their behalf.  We are governed by the principle that the objective is to "provide the minimum level of [dental] care required by the Constitution. [Citations omitted.] "[T]he essential test is one of medical necessity and not one simply of desirability."

*Id.* at 215.  Plaintiff has not demonstrated that Defendants were deliberately indifferent to his dental necessities.  Accordingly, the Kootenai County Defendants are entitled to summary judgment on Plaintiff's claim of inadequate dental care.

## F.      *Access to the Courts*

Plaintiff next alleges that Defendants deprived him of his right to access the courts due to insufficient access to legal materials.  Defendants argue that Plaintiff's claim is only that he was inconvenienced, not that he was denied access to the courts.  The Court concludes that Defendants are entitled to summary judgment.

In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist

**MEMORANDUM DECISION AND ORDER - 25**

inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."

In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court explained the limitations of the *Bounds* holding.  There, the Court emphasized that "the Constitution does not require that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts–a more limited capability that can be produced by a much more limited degree of legal assistance."  *Id*. at 360.  To state a claim, the prisoner must show that he suffered an actual injury as a result of the alleged denial to access, such as having a complaint dismissed for "for failure to satisfy some technical requirements" due to the prison's interference, or by being "so stymied [by denial of legal access] that [the prisoner] was unable even to file a complaint."  *Id.*  In addition, the Supreme Court held that the right does not encompass every type of legal proceeding; rather, it is limited to direct appeals from convictions, habeas petitions, and civil rights actions to "vindicate basic constitutional rights."  *Id*. at 354 (citations omitted).

In this case, Plaintiff alleges that the law library at Kootenai County Jail consists of only one law computer for the entire jail population of over 400 prisoners. (Dkt. 64, p. 13.)  He contends the library contains no law books, no qualified legal claim packets and forms, no white paper and black pens, and no Federal Rules of Civil Procedure.  (*Id*., pp. 12-19.)  He further contends that he was only given access to the law library during the early morning hours and for only one hour at a time.  (*Id*., p. 13.)  Plaintiff also claims

**MEMORANDUM DECISION AND ORDER - 26**

that the jail does not provide anyone trained in the law to provide legal assistance to prisoners.  (*Id.*)

As a result of these alleged inadequacies, Plaintiff contends he was "stymied" in his efforts to file a civil rights complaint in federal court from January 4, 2008 through August 25, 2008.  (*Id.*)  Plaintiff sought to file a class action suit for "failure to protect claims in inmate on inmate assaults."  (*Id.*, p. 20.)  Plaintiff  claims that he was denied access particularly by the Jail's failure to provide him with a black ink pen, which Plaintiff claims is required for federal filings under Local Rule 5.2.  (*Id.*, p. 14.)  He asserts that he was finally able to bring the claim on March 16, 2009, but with only him as a plaintiff.  (*Id.*)

Defendants argue Plaintiff's complaints are only of inconvenience, not access, thus, they do not rise to the level of a constitutional violation.  (Dkt. 67, p. 10.) Defendants contend that Plaintiff was never denied access to the legal materials he needed to file a grievance or civil rights claim.  (Dkt. 36-1, p. 23.)  Defendants contend that while Plaintiff was denied black ink pens for safety and security reasons, he was given a pencil, paper and access to the law library.  (Dkt. 67, p. 9.)  In addition, Defendants contend that Plaintiff has not demonstrated an actual injury as a result of the alleged violations.  (*Id.*, pp. 9-10.)

The Court is persuaded that no genuine issues of material fact exist as to this claim and that Defendants are entitled to summary judgment.  Plaintiff does not have "an abstract, freestanding right to a law library or legal assistance."  *Casey*, 518 U.S. at  351.

**MEMORANDUM DECISION AND ORDER - 27**

Indeed, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*.

Moreover, Plaintiff has failed to demonstrate an actual injury – that he was precluded from filing his complaint.  While Plaintiff was inconvenienced with the hours he was allowed to use the library, he nevertheless was permitted the time.  (*Id*., pp. 13, 17-18.)  In addition, Plaintiff has not demonstrated that deprivation of a black ink pen precluded him from filing any pleadings, in this Court or any other jurisdictions.  While Local Rule 5.2 requires that pleadings in paper form be legible and submitted in "black print on white paper," the rule does not require that the print be in black ink.  Furthermore, Plaintiff has not shown that he was actually prejudiced in bringing the action on March 16, 2009.  Thus, Plaintiff has failed to demonstrate a material issue of fact regarding injury and Defendants are entitled to summary judgment.

### H.    *Denied Telephone Calls*

Plaintiff alleges that he was denied his First Amendment right to place outgoing phone calls to family members.  Specifically, Plaintiff claims that a block was put on his outgoing calls from the Jail to his mother's phone number for a period of ten weeks.  Defendants assert that Kootenai County Jail does not place such blocks.

Prisoners have a First Amendment right to telephone access, subject to reasonable security limitations.  *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).  But, in this case, Plaintiff has not demonstrated that his rights were violated.  Plaintiff cannot "rest upon the mere allegations or denials of [his] pleading, but must set forth specific facts

showing there is a genuine issue for trial." *Mattos v. Aragaon*, 590 F.3d 1082, 1085 (9th Cir. 2010).  Defendants set forth in the Affidavit of John Holecek that Kootenai County Jail does not place blocks on phone numbers.  (Dkt. 36-6, ¶55.)  Defendants  further provide that Plaintiff was informed that no such block was placed by the jail and that such would have to be resolved by his mother, as blocks are placed by the receiver.  (Dkt. 36-8, p. 8.)  While Plaintiff contends that his mother made several complaints to the jail, both in writing and verbally, (suggesting that it was not his mother who placed the block), Plaintiff offers no evidence to support this contention.  (Dkt. 64, p. 33.)  Accordingly, Defendants are entitled to summary judgment on this claim.

## 4.      Qualified Immunity

The Kootenai County Defendants claim they are entitled to qualified immunity because they acted reasonably and did not violate Plaintiff's clearly established rights. The Court has concluded that there are genuine issues of material fact regarding whether Defendants violated Plaintiff's right to outdoor exercise, thus summary judgment is inappropriate on that particular issue.

In § 1983 actions, the doctrine of qualified immunity protects state officials from personal liability for on-the-job conduct so long as the conduct is objectively reasonable and does not violate an inmate's clearly-established federal rights.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). Contrarily, a state official may be held personally liable in a § 1983 action if he knew or should have known that he was violating a plaintiff's clearly-established federal rights.  *Id*.  True to its dual purposes of

**MEMORANDUM DECISION AND ORDER - 29**

protecting state actors who act in good faith and redressing clear wrongs caused by state actors, the qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

The threshold question in considering application of the qualified immunity defense is usually whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the [defendant's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. at 201 (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). If, viewing the alleged injuries in a light most favorable to the plaintiff, the Court finds that a constitutional right appears to have been violated, it proceeds to the next step, which is to inquire whether the right was clearly established. *Id*. The Supreme Court has recently held that a reviewing court may address whether the right was clearly established before taking up whether a constitutional violation was shown on the facts of the case before it, if that is the easier path. *Pearson v. Callahan*, 555 U.S. 223, 226 (2009).

To determine whether the right was clearly established, a court turns to the law existing at the time of the alleged act. *Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996) (citation omitted). The inquiry of whether a right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier* 533 U.S. at 201. For the law to be clearly established, "[t]he contours of the right" must be sufficiently clear that a reasonable official would understand that his

**MEMORANDUM DECISION AND ORDER - 30**

conduct violates that right.  *Anderson v. Creighton*, 483 U.S. 635 (1987).

Application of qualified immunity is appropriate where "the law did not put the [defendant] on notice that his conduct would be clearly unlawful.  *Id.*, 533 U.S. at 195. However, if there is a genuine dispute as to the "facts and circumstances within an officer's knowledge," or "what the officer and claimant did or failed to do," summary judgment is inappropriate.  *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993).  When a § 1983 defendant makes a properly supported motion for summary judgment based on immunity, the plaintiff has the obligation to produce evidence of his own; the district court cannot simply assume the truth of the challenged factual allegations in the complaint.  *Butler v. San Diego District Attorney's Office*, 370 F.3d 956, 963 (9th Cir. 2004).

As the Court has already ruled in favor of Defendants on summary judgment concerning the claims of inadequate clothing, overcrowding, retaliation and excessive force, adequate dental care, access to the courts and denied telephone calls, the Court will not address qualified immunity as to those claims as the issue is moot.  The Court will address qualified immunity with regard to the outdoor exercise claim.

Based upon the above analysis, the Court concludes that the defense of qualified immunity cannot shield Defendants from Plaintiff's claim of being denied outdoor exercise, because the alleged denial could be found by a jury to be a violation of a clearly established constitutional right of which a reasonable person should have known.  The Supreme Court and the Ninth circuit have held that denial of outdoor exercise may give

**MEMORANDUM DECISION AND ORDER - 31**

rise to an Eighth Amendment claim for deprivation of humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 826 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir.1994). Genuine issues of material fact exist that Defendants understood the right to outside exercise and yet denied Plaintiff the right for 109 days. Therefore, Defendants are denied summary judgment on the issue of qualified immunity.

**5.     Plaintiff's Motion for Summary Judgment**

In his "Motion and Memorandum in Opposition to Kootenai County Defendants Motion for Summary Judgment," Plaintiff asks this Court to "dismiss" Defendants' Motion. The Court has construed this document primarily as containing Plaintiff's arguments in opposition to granting summary judgment to Defendants.

However, to the extent that Plaintiff's response can also be construed as a cross-motion for summary judgment, he has wholly failed to establish that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law on any claim. Plaintiff's claim for outdoor exercise may proceed to trial because there *are* disputed issues of fact to be resolved on that particular issue.

**ORDER**

**IT IS ORDERED:**

1.     Plaintiff Hayes's Motion for Oral Argument (Dkt. 69) is DENIED.

2.     Kootenai County Defendants' Motion to Dismiss Plaintiffs' Claims For

Failure to Prosecute (Dkt. 59) is GRANTED as to Plaintiffs Luckado,

**MEMORANDUM DECISION AND ORDER - 32**

Aschinger, and Villegas, and their remaining claims against all Defendants are dismissed, without prejudice, for failure to prosecute.  Plaintiffs Luckado, Aschinger, and Villegas are dismissed from this action. Defendants' Motion is DENIED as to Plaintiff Hayes.

3.    Defendant Craig Sween's Motion for Summary Judgment (Dkt. 39) is GRANTED.

4.    Plaintiff Hayes's Motion and Memorandum in Opposition to Craig Sween, DDS's Motion for Summary Judgment (Dkt. 58), construed as a motion to dismiss Defendant's motion, is DENIED. The Court has considered Plaintiff's arguments and evidence in opposition.

5.    Kootenai County Defendants' Motion for Summary Judgment (Dkt. 36) is GRANTED in part and DENIED in part, as set forth above.

6.    Plaintiff Hayes's Motion and Memorandum in Opposition to Kootenai County Defendants' Motion for Summary Judgment (Dkt. 65) is DENIED. The Court has considered Plaintiff's arguments and evidence in opposition.

7.    No later than 21 days from the date of this Order, the remaining parties shall give notice to the Court as to whether they wish to participate in a judicially-supervised alternative dispute resolution (ADR) process before the case is set for trial.  If all parties do not agree to participating in ADR, the Court will set then the case for trial on the remaining claim.

**MEMORANDUM DECISION AND ORDER - 33**

SO ORDERED.

DATED:  **March 27, 2013**

Honorable Edward J. Lodge
U. S. District Judge